# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**TERRY DALE RAY**                                                              **PETITIONER**

### No. 2:23-cv-00074 JM/PSH

**C. EDGE, Acting Warden,**
**FCC Forrest City**                                                          **RESPONDENT**


## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Terry Dale Ray ("Ray") seeks habeas corpus relief in a petition filed pursuant to 28 U.S.C. § 2241 on March 27, 2023.  Doc. No. 1.  Ray is serving a 108 month sentence following a 2018 conviction in the United States District

1

Court for the Western District of Oklahoma for being a felon in possession of a destructive device.  He is incarcerated in Forrest City, Arkansas in the Forrest City Medium Federal Correctional Institution.  In his petition, Ray contends he has been denied credits to which he is entitled under the First Step Act ("FSA"), enacted in 2018 in part to provide additional time credits to be applied toward time in prerelease custody or supervised release.  Pub. L. 115-391.  Ray alleges that the denial of these credits is a violation of his due process rights, and also alleges his equal protection rights are violated because other similarly situated inmates are receiving these credits.

In his response to Ray's petition, Edge seeks dismissal of the petition in part because Ray failed to exhaust and does not establish that his failure to do so should be excused.  Doc. No. 4.  Ray appears to claim that he exhausted his administrative remedies.  He also claims, however, that any failure to exhaust should be excused because his efforts to do so were ultimately ignored, and any "other remedy attempts would be futile." Doc. No. 1, pages 3 and 22-26. The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies by presenting his claims to the Bureau of Prisons (BOP) and exhausting his appeals through the BOP Administrative Remedy Program.  *See*

*United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). That Court has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). There are benefits from prior administrative review, even assuming that the BOP denies Ray's request. The benefits include a record of the reasons the BOP decided as it did. Further, if Ray is correct in his assertions, the BOP "must be given a chance to clean up its act before the courts are asked to intervene." *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

The BOP Administrative Remedy Program sets forth a process an inmate must follow to fully exhaust his claims. First, he must submit a request for informal resolution. If the request is not resolved, the inmate must submit a complaint to the warden of his facility. If the inmate is not satisfied with the warden's response, he can submit a Regional Administrative Remedy Appeal to the BOP's Regional Director. If the inmate is not satisfied with the Regional Director's response, he may submit a Central Office Administrative Remedy

Appeal to the Office of the General Counsel for the BOP. See 28 C.F.R. §§ 542.13(a), 542.14, and 542.15(a). A remedy/grievance is not exhausted unless it has been properly presented at all levels of the administrative remedy process.

Ray attached to his petition an undated document which he contends was his appeal to the Office of General Counsel and to which the OGC did not reply. Doc. No. 1, page 49. Edge contends, however, that no final appeal was submitted. Doc. No. 4-1. Edge has submitted as a supplement to his response to the habeas petition the declaration of Rashonda J. Smith ("Smith"), the Administrative Remedy Clerk for the institution where Ray is housed. Doc. No. 9. Smith maintains the Warden's administrative remedy files for inmates and has access to those files. *Id.* at 1.

According to Smith, at all relevant times, all administrative remedy submissions have been recorded and maintained in SENTRY, a computer-based information system available at each BOP institution, region, and Office of General Counsel. *Id.* at 3. When a submission is entered into SENTRY, it is given a remedy ID number generated by the system and assigned a suffix of "F1" at the institutional level. When a submission is rejected and appealed to the Regional Director, it receives the same remedy ID number but is assigned the suffix "R1." And an appeal of that submission to the Office of General Counsel receives the

same remedy ID number as originally assigned, but is assigned the suffix "A1." *Id.*   If an inmate resubmits a previously rejected remedy request, the resubmitted request is given the same remedy ID number, but the suffixes are designated as "F2," "R2," or "A2."  *Id.* at 3 - 4.

According to Smith's declaration, Ray has filed seven administrative remedy requests or appeals with the BOP.  His initial request with the institution requesting FSA time credits was filed September 15, 2022 and was assigned remedy ID number 1134020-F1.  That request was rejected on the same day.  Ray filed a new administrative remedy request on the same issue on October 7, 2022, and it was assigned remedy ID number 1134020-F2.  That request was denied by the institution October 20, 2022.  Ray submitted an appeal to the Regional Office on November 14, 2022, and the appeal was assigned remedy ID number 1134020-R1. The Regional Office denied the appeal on January 19, 2023.  According to the SENTRY records maintained by the BOP, Ray did not file an appeal to the Office of General Counsel, which was required to exhaust his administrative remedies. Such an appeal would have been numbered 1134020-A1.  Ray's other administrative remedy submissions do not relate to FSA time credits.  *Id.* at 4.

The document which Ray contends was his appeal to the Office of General Counsel fails to establish that he exhausted his administrative remedies.  *See* Doc.

5

No. 1, page 49. It is undated and not assigned a case number. It also contains no evidence that it was ever received by the Office of General Counsel or returned to Ray with a response. Because of this, and because SENTRY contains no evidence such an appeal was ever submitted or received, Ray failed to exhaust his administrative remedies.

The Court is aware that exhaustion of administrative remedies is not required if doing so would be an exercise in futility. Ray appears to claim that his failure to exhaust should be excused because the BOP allegedly ignored one of his filings. The record does not support his allegations. The record, instead, documents that the BOP responded to his submitted filings. There is no evidence that it would be futile for Ray to seek redress from the BOP, and the BOP should be given the opportunity to address Ray's argument prior to the presentation of the claims in federal court.

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice to allow Ray to pursue and exhaust his available administrative remedies.

IT IS SO ORDERED this 30th day of August, 2023.

_____

UNITED STATES MAGISTRATE JUDGE